## TURNER *vs.* LATORRE ET AL.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Where a witness is asked how he knew certain facts about S. R., and answers that he was acquainted with the circumstances of S. R. ever since he could recollect, it will be sufficient to account for the facts stated.

Where one of the jurors becomes interested in the case during the trial, it is good ground to award a new trial.

This is an action to recover seven slaves which the plaintiff, Sarah Turner, alleges she is the owner, who were taken from the State of Georgia where she always resided, brought to this State without her knowledge or consent, and in fraud of her rights; and are now in the possession of the defendants who refuse to deliver them up although amicably requested to do so. She prays that said slaves be restored to her and that she have judgment for them or their value and for the value of their servcies.

The defendants demanded that the plaintiff exhibit her titles to said slaves, to which she replied that she resided in Georgia where she owned said slaves, where title to them can be shown by parol, and that she be allowed to prove title by parol evidence.

The defendants set up title by notarial act. Commissions
issued to the State of Georgia to take the testimony of witnesses. On the trial certain depositions were objected to and
rejected by the court. The bills of exception are stated in the opinion of this court.

One of the jurymen in the course of the trial discovered that the slaves in contest, or some of them were liable in the hands of one of his debtors for his debt, issued execution against them before the verdict was given. There was a verdict and judgment for the defendants and the plaintiffs appealed.

*Bartlette*, for the plaintiff.

*Hoa & Canon*, for the defendant.

*Martin, J.* delivered the opinion of the court.

The plaintiff and appellant has called our attention to two bills of exception taken to the rejection of two depositions which she had taken and offered in evidence.

1. The defendants' counsel objected to the reading of the first deposition on the ground that the first cross interrogatory filed by the defendant, Latorre, in the following words; " how did you come to the knowledge of each and every one of the facts above stated;" was not sufficiently answered by the witness in saying, " I became acquainted with the facts as stated in my answers to the direct interrogatories, from my personal knowledge ; having been acquainted with the circumstances of Sarah Turner ever since I can recollect." The court sustained the objection on the ground " that a general acquaintance of many years standing is not a means of accounting for the knowledge of particular facts."

Where a witness is asked how he knew about certain facts about S. R., and answers that he was acquainted with the circumstances of S. R. ever since he could recollect, it will be sufficient to account for the facts stated.

2. The second deposition was objected to on the ground that the first cross-interrogatory on behalf of Latorre was not sufficiently answered by the witness in saying, " I became acquainted with the facts stated in my answers to the direct interrogato-

EASTERN DIS.  ries from my own knowledge, to the best of my belief." The
April, 1841.  objection was sustained by the court.

TURNER
vs.        It appears to us the court erred.   We have carefully examin-
LATORRE ET AL.  ed the answers to the direct interrogatories in both cases and
compared them with the answer to the first cross-interrogatory
complained of; and which have appeared to us sufficient.   If
the defendant thought he might have been benefited, by more
particular and detailed answers, he should have endeavored to
obtain them by a new commission, with more definite interro-
gatories propounded.

Where one of        A new trial was prayed for by the plaintiff and appellant on
the jurors be-  the ground that proper and legal testimony was rejected as
comes interested
in the case dur-  stated in the foregoing bills of exception ; and also that of one
ing the trial, it  of the jury becoming interested during the trial, by causing an
is good ground
to award a new  execution to be levied on some of the slaves in contestation in
trial.          the present suit.

There were other grounds set out in the application for a
new trial; but either of those above stated, appear to us suffi-
cient to support the motion and cause the case to be remanded.

It is therefore ordered, adjudged and decreed that the judg-
ment of the District Court be annulled, avoided, and reversed ;
the verdict set aside ; and the case remanded for further pro-
ceedings with directions to the judge *a quo* to admit in evi-
dence the two depositions stated in the foregoing bills of ex-
ception ; the defendants and appellees paying the costs of the
appeal.